IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRY JACKSON,

                                Plaintiff,                                    ORDER

    v.

                                                                          09-cv-254-slc

RICK RAEMISCH, MATTHEW FRANK,
C.O. ROELKE, C.O. MATHWHICH,
C.O. MALM, C.O. SPRINGBORN,
LORI SIMON, BETH LIND, JOE HALL,
KATHY MEIER, BRENDA RILLING,
FRANCIS PALIEKARA, RICK GEIGER,
MICHAEL THURMER, MS. HAUTAMAKI
and CAPT. GERRITSON,

                                Defendants.

---

       On May 11, 2009, I entered an order granting plaintiff Terry Jackson's request for leave to proceed *in forma pauperis* on his claims that defendants Roelke, Mathwhich, Lind, Gerritson, Frank, Raemisch, Thurmer, Hautamaki, Paliekara, Geiger and Simon prohibited plaintiff from praying at work and defendants Meier, Rilling, Springborn, Hall, Lind and Frank falsely charged plaintiff and placed him in segregation in retaliation for plaintiff's filing of grievances. Pursuant to an informal service agreement between the Attorney General's office and this court a copy of plaintiff's complaint was sent to the Attorney General for service on the defendants.

       The Attorney General's office has accepted service of plaintiff's complaint on behalf of all of the defendants except defendants Mathwhich and Meier, who defendants have been unable to identify. In *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990), the Court of

1

Appeals for the Seventh Circuit ruled that a prisoner is required to furnish the information necessary to identify prison employee defendants. Here, plaintiff has identified defendant Meier as the "Kitchen Chef at Food Services at W.C.I." and defendant Mathwhich as "a correctional officer at W.C.I." If these employees' names are not Meier and Mathwhich, then plaintiff may be able to identify the individuals through normal discovery at a later stage of this lawsuit. Therefore, for the time being, the court will treat defendants Meier and Mathwhich as Doe defendants, and substitute the name Doe Defendant #1 for Meier's name and Doe Defendant #2 for Mathwhich's name in the caption of future orders. The parties should be aware that early on in this lawsuit, a preliminary pretrial conference will be held. At the time of the conference, I will discuss with the parties the most efficient way to obtain identification of the unnamed or misnamed defendants and will set a deadline within which plaintiff is to amend his complaint to include them.

ORDER

IT IS ORDERED that in future submission and orders, the caption of this case is AMENDED to delete the name "Kathy Meier" and insert in its place the name "Doe Defendant #1" and to delete the name "C.O. Mathwhich" and insert in its place the name "Doe Defendant #2."

Entered this 29th day of May, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge