IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRY JACKSON,

                    Plaintiff,                           OPINION AND ORDER

   v.

                                                    09-cv-254-wmc

BETH LIND and JUNE KATHY MEIER,

                    Defendants.

---

Plaintiff Terry Jackson has filed a motion for reconsideration of the court's order, dated June 21, 2010, granting in part and denying in part defendants' motion for summary judgment in this prisoner civil rights case.  Dkt. #82.  In the June 21 Order, the court granted defendants' summary judgment motion with respect to Jackson's claims that defendants Chris Roelke, Shawn Mathwhich, Beth Lind, Randall Gerritson, Matthew Frank, Rick Raemisch, Michael Thurmer, Sandra Hautamaki, Francis Paliekara, Rick Geiger and Lori Simon violated Jackson's rights under the Free Exercise Clause, the Equal Protection Clause and the Religious and Land Use Institutionalized Persons Act by prohibiting him from praying while at his prison job in food services.  With respect to plaintiff's retaliation claim, the court granted defendants' motion as to Brenda Rilling, Robert Springborn, Joe Hall and Matthew Frank, but  denied the motion as to defendants June Kathy Meier and Beth Lind.  Unlike his other claims, the court held that the plaintiff had submitted sufficient evidence to permit a reasonable jury to find Meier and Lind were personally involved in

issuing a conduct report to Jackson in retaliation for his filing a grievance about being unable to pray in the kitchen.

Jackson now argues that the court erred in dismissing his claims under RLUIPA, the Free Exercise Clause and the Equal Protection Clause, as well as his retaliation claim as to defendants Rilling and Springborn. For the reasons stated below, the motion will be denied.

## OPINION

### I.  RLUIPA

The court dismissed Jackson's RLUIPA claim on the ground that it is moot. Because Jackson no longer works in food services and identified no reason to believe that he would ever return there, an injunction requiring defendants to allow Jackson to pray in food services would have no legal effect. Nor can Jackson keep the claim alive by seeking monetary relief because the Seventh Circuit has concluded compensatory damages are not allowed. *Nelson v. Miller*, 570 F.3d 868, 883-89 (7th Cir. 2009).

In his motion, Jackson argues that he should nevertheless be allowed to proceed with his RLUIPA claim to obtain nominal and punitive damages. This is incorrect. In *Nelson*, the Seventh Circuit also held that sovereign immunity "shielded [the defendant] from a monetary judgment in his official capacity under RLUIPA," *id.* at 885, and the court "decline[d] to read RLUIPA as allowing damages against defendants in their individual

2

capacities." *id.* at 889.  Thus, the court's holding in *Nelson* acts as a bar to damage  claims under RLUIPA generally; it is not limited to a particular type of damages.  Jackson cites *Calhoun v. Detella*, 319 F.3d 936 (7th Cir. 2003), to support his argument, but that case addresses the question whether the Prison Litigation Reform Act prohibits a prisoner from obtaining nominal and punitive damages if he cannot prove a physical injury.  *Calhoun* has nothing to do with the issues in this case.

Alternatively, Jackson argues that he can maintain a claim for declaratory relief even if his request for an injunction is moot. While declaratory relief does not always rise and fall with injunctive relief, the same justiciability requirements apply to claims for declaratory relief as for any other type of relief. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138 (2007) ("The Declaratory Judgment Act did not (and could not) alter the constitutional definition of 'case or controversy' or relax Article III's command that an actual case or controversy exist before federal courts may adjudicate a question."). This means that the plaintiff must show that a declaration would alter the parties' legal relationship. *Deveraux v. City of Chicago*, 14 F.3d 328, 331 (7th Cir.1994).

In some cases, declaratory relief is allowed as a potential predicate to damages, *Powell v. McCormack*, 395 U.S. 486, 498-99 (1969), or as a substitute for injunctive relief for reasons unrelated to mootness, *Steffel v. Thompson*, 415 U.S. 452 (1974) (declaratory relief may be available to prevent threat of rights violation that has not yet occurred); *Dickinson*

3

*v. Indiana State Election Bd.*, 933 F.2d 497, 503 (7th Cir. 1991) (declaratory relief may be appropriate when injunctive relief unavailable for equitable reasons). But when monetary damages are unavailable and injunctive relief is moot, a federal lawsuit cannot be maintained on a request for declaratory relief alone. *E.g., Cornucopia Institute v. U.S. Dept. of Agriculture*, 560 F.3d 673, 676 (7th Cir. 2009) (concluding that claim for declaratory relief was moot after plaintiff received all its requested injunctive relief); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 627-28 (7th Cir. 2007) (concluding that declaratory relief was moot along with injunctive relief).

## II. Free Exercise Clause

The court dismissed Jackson's Free Exercise claim on the ground that he had not overcome a qualified immunity defense. In other words, Jackson had not shown that it was "clearly established" in the case law that defendants had violated his rights under the Free Exercise Clause by prohibiting him from praying at work. *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007); *Alexander v. City of Milwaukee*, 474 F.3d 437, 446 (7th Cir. 2007).

Jackson's argument in his motion regarding this claim is hard to follow, but it seems to have two parts. First, Jackson argues that the court should not have limited its analysis to what defendants prohibited him from doing – prostrating in prayer in private and on a prayer rug at specific times. Rather, the court should have found that a policy existed

4

prohibiting "all prayer while at almost any institutional job assignment" and then concluded that such a policy was clearly unconstitutional. Second, Jackson says that "RLUIPA . . . must be considered in deciding whether an official in the Government is entitled to qualified immunity" and that "no reasonable governmental official would not have known that a complete ban on praying while at work at [the prison] would not be in violation of Jackson's statutory right under the RLUIPA."

Both of these arguments are misguided. Jackson's first argument seems to be an attempt to use the overbreadth doctrine, which, in some instances, allows parties who did not engage in constitutionally protected behavior to challenge a law or policy if it "punishes a 'substantial' amount of protected free speech." *Virginia v. Hicks*, 539 U.S. 113, 118 (2003). Jackson did not raise this argument in his summary judgment materials. Even if he had, it would not have made a difference because the Court of Appeals for the Seventh Circuit has held that the overbreadth doctrine "has little or [no application] in civil litigation dealing with prisons' internal operations." *Borzych v. Frank*, 439 F.3d 388, 391 (7th Cir. 2006). In any event, Jackson still fails to offer any case law that clearly established his right under the Free Exercise Clause to pray while working in prison, regardless of the scope of the policy at issue. It is not enough for Jackson to state without legal authority that it is "unthinkable" that defendants would not have known they were violating the Constitution, especially since such a prohibition is at least arguably defensible (at least to overt, demonstrative prayer

5

which has the potential for interrupting the work itself, as opposed to silent prayer which could not be policed anyway).

Jackson is also wrong to argue that RLUIPA plays a part of the qualified immunity analysis under the Free Exercise Clause.  He is correct in observing that qualified immunity may apply to a constitutional right *or* a federal statutory right, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), but this simply means that his RLUIPA claim would be subject to a qualified immunity analysis if the Seventh Circuit had interpreted the statute in *Nelson* to include a damages remedy.  *See, e.g., Koger v. Bryan*, 523 F.3d 789, 802-03 (7th Cir. 2008) (in case before *Nelson*, conducting qualified immunity analysis for RLUIPA claim).  It does not mean that he can bootstrap a now moot RLUIPA claim into a ripe First Amendment claim.  Each constitutional or statutory right must stand on its own.

## III. Equal Protection Clause

The court dismissed Jackson's equal protection claim because he failed to adduce admissible evidence showing that defendants prohibiting him from praying because he is Muslim.  In particular, Jackson failed to show that defendants applied the policy differently to prisoners of other faiths.  In his motion for reconsideration, Jackson says that the court construed his claim too narrowly and should have considered whether "he was treated unequally [as compared to] other Muslims who were allowed to pray while at work in food

services."  He cites the declaration of Terez Cook, who averred that he is a Muslim, that he prayed "in the inmate clothing room to out in the open cafeteria on [his] down time" and that no staff member "informed" him "that there was a policy prohibiting [him] or anyone else from prayer while at work in the food services building."  Dkt. # 66.

This is a different argument than plaintiff has made to date, but it does not help him. Indeed, Jackson seems to be arguing that the court should have considered a "class of one" claim, which arises when the plaintiff is alleging that the defendants discriminated against him for reasons unique to him, rather than because he is a member of an identifiable group. Even if Jackson's complaint could be liberally construed as including a class of one theory, that claim would fail because Jackson would be required to show that one or more defendants had "intentionally treated him differently than others similarly situated." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010).  Because Cook does not say that any of the defendants witnessed him praying at work and allowed him to continue, Jackson has no evidence of intentional discrimination.


## IV.  Retaliation

The court dismissed Jackson's retaliation claim as to defendants Rilling and Springborn because it was undisputed that they did not know that Jackson had filed a grievance about praying in food services.  *Morfin v. City of East Chicago*, 349 F.3d 989, 1005

7

(7th Cir. 2003) ("The protected conduct cannot be proven to motivate retaliation if there is no evidence that the defendants knew of the protected activity.") Apparently, Jackson wishes to withdraw that concession, relying on the declaration of Jerome Long. Dkt. #77. That declaration, however, does not establish that Rilling and Springborn were personally involved in issuing the conduct report because Long says nothing about either of those defendants in his declaration.

ORDER

IT IS ORDERED that plaintiff Terry Jackson's motion for reconsideration, dkt. #82, is DENIED.

Entered this 16th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge